UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02754-MSK-MJW

**SCOTT LEMBERGER AND GINGER LEMBERGER,**

Plaintiffs

v.

**NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA,** an Ohio
Corporation,

Defendant.

---

## PROTECTIVE ORDER ( Docket No 21-1 )

---

Plaintiffs Scott and Ginger Lemberger and Defendant Nationwide Affinity
Insurance Company of America, through their undersigned counsel, submit this
Stipulated Motion for Protective Order, pursuant to Fed. R. Civ. P. 26(c)(1). To protect
the discovery and dissemination of confidential information or information which will
improperly annoy, embarrass, or oppress any party, witness, or person providing
discovery in this case and to protect the confidential information of third parties that may
be produced by the parties to this action, the parties respectfully request that this Court
enter the following as a Protective Order:

IT IS ORDERED:

1.      This Protective Order shall apply to all documents, materials, and inform-
ation, including without limitation, documents produced, answers to interrogatories,
responses to requests for admission, deposition testimony, and other information dis-

closed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated CONFIDENTIAL shall be information that is confidential and implicates common law or statutory privacy interests (1) relating to the representation of a client; (2) constituting or containing financial or other business or trade secret information of a demonstrably proprietary, confidential, or commercially sensitive nature; or (3) invading an individual's legitimate privacy interests. For purposes of this Order, this information shall be referred to as "CONFIDENTIAL Information." CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.      CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a)      attorneys actively working on this case;

(b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)      the parties, including their designated representatives;

(d)     expert witnesses and consultants retained in connection with this proceed-ing, to the extent such disclosure is necessary for preparation, trial, or other proceed-ings in this case;

(e)     the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses; and

(h)     other persons by written agreement of the parties.

5.     Defendant Nationwide Affinity Insurance Company of America ("Nationwide") may elect that certain CONFIDENTIAL information not be divulged to the persons referred to in paragraphs 4(c), 4(d), 4(g), or 4(h) above if it in good faith believes that its disclosure could cause commercial harm, could be put to any improper use, or could otherwise cause irreparable harm.  Such information shall be clearly marked "HIGHLY CONFIDENTIAL-ATTORNEYS ONLY," and shall be treated as CONFIDENTIAL information, except that such information may only be disclosed to those persons referred to in paragraphs 4(a), 4(b), 4(e), 4(f), or 4(h) herein in accordance with the terms and conditions of this Protective Order and, if disclosed to Court Personnel, pursuant to a motion to seal.  If a party objects to materials designated HIGHLY CONFIDENTIAL-ATTORNEYS ONLY, that party may follow the procedure set forth in paragraph 10 herein to remove such designation.

6.     Documents are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS ONLY by placing or affixing on them (in a manner that

will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS ONLY."

7.    Prior to disclosing any information considered CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS ONLY to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8.    In the event that CONFIDENTIAL Information is inadvertently produced without designating such documents or information CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS ONLY, the party claiming confidentiality shall properly designate such documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS ONLY, and the other party shall be bound by such designations pursuant to the terms of this Protective Order, but shall not be deemed to be in breach of this Protective Order by reason of any use or disclosure of such CONFIDENTIAL information that occurred prior to notification of the correct designation. Inadvertent production of such documents or information in this case without designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL–ATTORNEYS ONLY shall not be deemed a waiver, in whole or in part, of a party's claim to confidentiality of such documents or information, either as to the specific information

- 4 -

disclosed or as to any other information relating to the subject matter of the information disclosed.

9.     Whenever a deposition involves the disclosure of CONFIDENTIAL inform-ation, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or HIGHLY CONFIDENTIAL–ATTORNEYS ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10.     A party may object to the designation of particular information as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS ONLY by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS ONLY to file an appropriate motion [consistent with D C Colo LCivR 7.2] requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS ONLY under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall

MJW 2-11-16

lose its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS ONLY and shall not thereafter be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS ONLY in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS ONLY.

11.    If any party or person subject to this Protective Order receives a court order, subpoena, or other process demanding production of information designed as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS ONLY, that person or party shall immediately notify the attorneys of the designating party of the document sought by the subpoena or other process or order, shall furnish those attorneys of record with a copy of the subpoena or other process or order, and shall not interfere with respect to any procedure sought to be pursued by the designating party whose interests may be affected. The designating party shall have the burden of defending against the subpoena, process, or order.  After such notice and the passage of at least forty-eight (48) hours or designated time for production, whichever is greater, the party served with the order, subpoena or other process shall comply with his or her legal obligation to produce such documents, except to the extent the designating party has filed for or succeeded in obtaining an order modifying, staying, or quashing the order, subpoena or other process.

12.    At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS ONLY shall be returned to the party that designated it CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS ONLY, or the parties may elect to destroy documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS ONLY. Where the parties agree to destroy such documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS ONLY may not thereafter be used or disclosed by any party, expert, consultant, or attorney in any other case or for any purpose unrelated to this case.

13.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Respectfully submitted this 10th day of February, 2016.

/s/ David Furtado
David Furtado
Furtado Law PC
3773 Cherry Creek North Drive, Suite 575
Denver, Colorado 80209
Telephone: (303)-755-2929
Facsimile: (303) 309-6463
dfurtado@furtadolaw.com
Attorney for PLAINTIFFS

/s/ Christine M. Kroupa
Christa Lee Rock
Christine M. Kroupa
Gordon & Rees LLP
555 17th Street, Suite 3400
Denver, CO 80202
Telephone: (303)-534-5160
crock@gordonrees.com
ckroupa@gordonrees.com
Attorneys for DEFENDANT

The above and foregoing is approved and entered as an Order of this Court on this ⊥⊥ day of February, 2016.

Michael J. Watanabe
United States Magistrate Judge

1110969/26705765v.1